OPINION OF THE COURT
Martin Schneier, J.
Petitioner tenant, Winnifred Sadler, moved into her current *198 apartment on March 15, 1987 as a rent-stabilized tenant and was charged a monthly rent of $369.36 by landlord respondent 3602 J Owner’s Corp. The previous tenant had renewed her lease on October 14, 1986. The renewal lease included a Rent Guidelines increase of 6% which raised the rent from $263.76 to $294.59. The lease given to Ms. Sadler included a second 6% increase which, because it was within the same Rent Guidelines year as the first increase, was unauthorized. Adding a second increase in this manner is known as “piggybacking.”
On February 26, 1991, Ms. Sadler filed a rent overcharge complaint with the New York State Division of Housing and Community Renewal (DHCR). In a decision dated July 17, 1996, the DHCR Rent Administrator found that piggybacking had occurred and that the landlord had overcharged Ms. Sadler since she moved in on March 15, 1987 through July 14, 1996.
On August 12, 1996, the respondent filed a petition for administrative review (PAR). On September 9, 1997, while the PAR was pending, the Rent Regulation Reform Act of 1997 (L 1997, ch 116 [RRRA]) became effective. The RRRA specifically provided that it is applicable “to any action or proceeding pending in any court or any application, complaint or proceeding before an administrative agency on the effective date of this act, as well as any action or proceeding commenced thereafter” (RRRA § 46 [1]). On October 20, 1999, the Rent Administrator determined that the RRRA applied and, upon its application, granted the PAR and dissolved the finding of an overcharge.
Petitioner then commenced this CPLR article 78 proceeding. This Court remitted the case to the DHCR for reconsideration. In an order of the Deputy Commissioner dated April 19, 2000, the DHCR upheld its revocation of the rent overcharge order. Although the DHCR Deputy Commissioner found that the owner had overcharged Ms. Sadler, it nevertheless held that the DHCR was barred from recognizing the overcharge pursuant to the Rent Regulation Reform Act of 1997.
Discussion
The RRRA of 1997 amended the statute of limitations provisions of the Administrative Code of the City of New York to “preclude examination of the rental history of the housing accommodation prior to the four-year period preceding the filing of a complaint pursuant to this subdivision.” (Administrative Code § 26-516 [a] [2].) This action was commenced on February *199 26, 1991. Accordingly, this Court is precluded from examining the rental history of the apartment prior to February 26, 1987.
Resolution of this case turns on the interpretation of the term “rental history.” The lease of the prior tenant, which is dated October 3, 1998, is for a one-year term that commences on October 15, 1986. In the proceeding before the DHCR, it interpreted the preclusion of the “rental history” to prevent consideration of any “rental event” that took place prior to the four-year period. Consequently, the Deputy Commissioner excluded evidence of the first rent increase because it occurred prior to the four-year period, and found that there was no cognizable evidence of an overcharge. This Court finds that the Deputy Commissioner gave the term “rental history” an unreasonably narrow construction.
The rental history, as it existed on February 26, 1991, includes not only the rent on that date, but all of the information contained in the lease. To hold otherwise would allow the lease to be used for one purpose, to determine the rent on the base date, but not for another, to determine whether the Rent Guidelines increase was taken. Because the lease, by its own terms, was in effect on the base date, it was within the four-year history period which may be considered.
Conclusion
Accordingly, the Court finds that the DHCR’s determination was affected by an error of law.
The order of the Deputy Commissioner is, therefore, vacated and the case is remanded to the DHCR for further consideration in accordance with this decision.